No. 9809.

KAESS *v.* THE BOARD OF COUNTY COMMISSIONERS OF CHAF-
FEE COUNTY.

Decided November 7, 1921.

Action to quiet title to water rights.   Judgment for
defendant.

*Affirmed.*

1.   WATER RIGHTS—*Conveyance.*   Deed construed, and held that grant-
     or by expressly conveying one-half interest in a ditch with the
     water rights and priorities acquired by original construction
     and various enlargements thereof, intended to, and did convey
     one-half of all water rights owned by him and connected there-
     with, including seepage and spring water arising and flowing
     therein.

*Error to the District Court of Chaffee County, Hon.
James L. Cooper, Judge.*

Mr. JAMES T. LOCKE, for plaintiff in error.

Mr. WALLACE SCHOOLFIELD, for defendant in error.

MR. JUSTICE WHITFORD delivered the opinion of the court.

THE plaintiff in error was the plaintiff below in a suit to quiet title to a water right. Judgment was for the defendant. The plaintiff comes here on error. From the record it appears that in December, 1890, one O. E. Harrington conveyed by warranty deed to Chaffee County 160 acres of land; also, a water right, the extent of which is the subject of this controversy.

After a description of the land, the deed describes the water right as follows:

"Also an undivided one-half interest in and to that certain irrigating ditch known as the Harrington Ditch, numbered seven by decree of the district court of said Chaffee County and one-half of all water rights and priorities acquired by the original construction and various enlargements thereof."

In 1866, Harrington constructed this ditch to carry water to his 320 acres of land lying at the lower end of the ditch, and in June, 1890, was decreed six cubic feet of water by the district court in a general water adjudication proceeding. Thereafter, in October, 1890, he, as the sole owner of the ditch and of the 320 acres of land, made and filed in the proper office his verified statement of claim under the statute, for certain seepage and spring water arising in the ditch, for domestic and agricultural purposes, stating that the "waters from said springs and each of them has been used by this claimant each year since said springs first arose and have been so used by means of the said described ditch for domestic and agricultural purposes upon the land described herein and for the purpose of making his said appropriation more complete and  *  *  *  that the number of acres of land under and to be irrigated

by said ditch is about 320 and without the use of said water from said springs as aforesaid claimant would not have a sufficient supply to properly irrigate his said lands."

In December following, after taking this action with respect to the seepage water, he executed the deed to Chaffee County as above mentioned.

In 1910 Harrington conveyed by deed to the plaintiff in error the remaining 160 acres of land owned by him, describing the water right conveyed as follows:

"All of his right, title and interest in and to the seepage water flowing in and through the ditch known as the Harrington Ditch, to the extent of not to exceed one cubic foot per second of time."

The plaintiff in error claims all of the seepage water, and contends that the Harrington deed to the county conveyed no part of the seepage water in the ditch. This contention is not tenable. Harrington acquired the right to the seepage water two months prior to the time he executed the deed to the county. By expressly conveying one-half interest in the ditch, the grantor manifestly intended to convey one-half of all water rights connected therewith. All of the circumstances disclosed by the record support this construction. He conveyed one-half of his land, one-half of his ditch, and we think it is clear that he intended to convey one-half of his water. We think the judgment below was correct. Judgment affirmed.

MR. JUSTICE TELLER and MR. JUSTICE DENISON concur.